UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENNIS GUY ERDMAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-3243 |
| | § | |
| DEPARTMENT OF ASSISTIVE AND | § | |
| REHABILITATIVE SERIVCES; aka DARS, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.**

Before the Court are the defendants', the Department of Assistive and Rehabilitative Services and Doris Lindsey's motion to dismiss [Doc. No. 9] and the plaintiff's, Dennis Guy Erdman's, response and objections [Doc. No. 13] and objections to the Texas Attorney General's representation of the defendants [Doc. No. 12]. The Court has reviewed the motion, response and objections and determines that the motion to dismiss is meritorious and that it should be granted; moreover, the objections are frivolous and should be denied.

**II.**

The plaintiff filed suit against the defendants asserting that he was discriminated against when he was denied disability assistance. He claims that from 2007 through 2008 and 2008 to 2010, he was denied disability assistance in violation of federal law. Specifically, the plaintiff alleges that the denials were based on his race, i.e., Caucasian.

The defendants contend that the plaintiff's suit fails because he has not and cannot establish an ADA discrimination claim [Americans with Disabilities Act] or a Rehabilitation Act claim against the defendants because race is not a basis for recovery under either statute. The

defendants also assert that the plaintiff's claims against the state of Texas, and against Lindsey in her official capacity, are barred by the Eleventh Amendment to the federal Constitution. In her individual capacity, Lindsey claims that she is entitled to a dismissal based on qualified immunity.

### III.

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964. Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, ---U.S. ----, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Ashcroft*, ---U.S. ----, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

### IV.

State government employees are immune from suit when the claim seeks monetary damages as is the case here. *See Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). And, where there is no evidence that the state of Texas has waived its immunity permitting a suit, a plaintiff cannot establish a legal basis to maintain a suit based on race discrimination. Nor can the plaintiff proffer evidence that Lindsey performed any act that was outside her official duties as it relates to his claim for disability assistance. The fact that the defendant may deny benefits in one instance and approve benefits in another is not peculiar to the defendant's

responsibilities. Hence, specific facts establishing race as the reason for Lindsey's actions or inactions must be pleaded and proved. Here, there are no specific facts pled asserting or establishing that the denial of benefits to the plaintiff by Lindsey was based on anything other than the lack of qualification, on the part of the plaintiff, to receive the benefits.

The record also reveals that the plaintiff filed a suit in federal court in 2008 raising the same issues raised here. That suit, Cause No. H-08-CV-3654; *Dennis Guy Erdman v. Texas Department of Assistive and Rehabilitative Services* (2008), was dismissed by this Court. An appeal of that dismissal was taken in Cause No. 09-20194. That appeal, too, was dismissed.

The Court is of the opinion that nothing new is presented here in this case. There are no facts supporting the view that the plaintiff was treated differently than others seeking vocational rehabilitative assistance. Moreover, there are no facts presented showing that the plaintiff was not provided a full and fair hearing on his initial request and motion for reconsideration. *See* [*Erdman v. Dept. of Assist. & Rehab. Services*, Admin. No. 2010-22].

Therefore, the Court is of the opinion and holds that the plaintiff has failed to state a justiciable claim against the defendants and, further, any claim that might be brought has been previously adjudicated. It is ORDERED that the plaintiff's suit be and it is Hereby DISMISSED with prejudice.

SIGNED at Houston, Texas this 17th day of December, 2010.

Kenneth M. Hoyt
United States District Judge